

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-1-2009

# Oras v. Jersey City

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2277

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Oras v. Jersey City" (2009). *2009 Decisions*. Paper 1602.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1602

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-2277

———————

KEVIN ORAS,

Appellant

v.

CITY OF JERSEY CITY; JERSEY CITY POLICE DEPARTMENT; JEREMIAH
HEALY; SAMUEL JEFFERSON; JAMES CARTER; ROBERT TROY; JAMES
BLAKE, RONALD BUONOCORE; PETER NALBACH; HUGH DONAUGHUE;
GARRY LALLO and JOHN DOES 1-10, their identities not currently known, all jointly,
severally and individually,

Appellees

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cv-4003)
District Judge: Honorable Susan D. Wigenton

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2009

Before: Fuentes, Chagares, Tashima,* *Circuit Judges*

(Filed: April 01, 2009)

———————

* The Honorable A. Wallace Tashima, Senior United States Circuit Judge, United
States Court of Appeals for the Ninth Circuit, sitting by designation.

-----------------

OPINION

-----------------

TASHIMA, *Circuit Judge*:

Kevin Oras appeals the dismissal of his action against his employer, the Jersey City Police Department (the "Department"), after the District Court granted the defendants' motion for summary judgment. Oras brought claims under 42 U.S.C. §§ 1983 and 1985(3), and under state law, alleging wrongdoing in the Department's acquisition of a new police communication system (the "System"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we will affirm.

## I.

Because we write for the parties, we recite only those facts necessary to our analysis of the issues presented on appeal. Oras, a long-time employee of the Department, was promoted to the rank of Captain in December 2002 and, one year later, was assigned as the Commanding Officer of the Support Services Division ("SSD").

As Commanding Officer of SSD, Oras' duties included screening purchase vouchers that involved a substantial amount of money. While Oras headed SSD, the Department began acquisition of the System. Vouchers related to the System came to Oras for approval; however, he elected to investigate the acquisition before approving the vouchers.

After some investigation, Oras identified what he believed to be fraud, waste, and

2

abuse connected to the System's acquisition. He reported this belief to various City officials throughout 2004. In August 2004, the Department transferred Oras out of SSD. Oras briefed his replacement on the System, but he later relaunched his own investigation into the acquisition because he felt that SSD did not take the matter seriously after he was transferred. The Department assigned Oras to various positions in 2004 and 2005, and Oras continued his investigation throughout that time.

In February 2005, the Department reviewed Oras' investigation of the System and concluded that disciplinary action was appropriate. Oras was demoted and, on November 1, 2005, he retired from the Department. Oras alleges that the Department, the City of Jersey City, and several named individuals retaliated against him for his communications in attempting to uncover and disclose possible wrongdoing regarding the System's acquisition.

## II.

Our review of a grant of summary judgment is plenary, and "we must grant all reasonable inferences from the evidence to the non-moving party." Knabe v. Boury Corp., 114 F.3d 407, 410 n.4 (3d Cir. 1997). We will grant summary judgment if the evidence on summary judgment "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mater of law." Fed. R. Civ. P. 56(c). The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### A. 42 U.S.C. § 1983

Oras claims that the Department, Jersey City, and various officials deprived him of his First Amendment free speech right and his right to equal protection under the Fifth and Fourteenth Amendments of the United States Constitution.

### 1. First Amendment retaliation claim

"To state a First Amendment retaliation claim, a plaintiff must allege [and adduce evidence of] two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006). Oras' claim fails on the first factor.

Two inquiries "guide interpretation of the constitutional protections accorded public employee speech. The first requires determining whether the employee spoke as a citizen on a matter of public concern. If the answer is no, the employee has no First Amendment cause of action based on the employer's reaction to the speech." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006) (citation omitted). Furthermore, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 421.

Here, the District Court correctly dismissed Oras' First Amendment retaliation claim because the First Amendment does not protect the speech at issue. The

4

uncontroverted facts establish that Oras' speech related to his investigation of the System and, thus, fell under his official duties. As Commanding Officer of SSD, Oras' duties included screening and investigating purchases. Further, Oras admits that his investigation into the System was made in his capacity as a police officer. This admission is bolstered by the fact that the alleged protected speech includes only official memoranda, department incident reports, official discussions with fellow city employees, and witness interviews conducted at the Department during business hours. Such communications establish that Oras spoke pursuant to his official duties; thus, that First Amendment protection is not appropriate.

### 2. Equal Protection retaliation claim

Oras does not state a valid claim under the Equal Protection Clause because this cause of action merely rephrases his First Amendment retaliation claim. "'[A] pure or generic retaliation claim [] simply does not implicate the Equal Protection Clause.'" Thomas v. Independence Twp., 463 F.3d 285, 298 n.6 (3d Cir. 2006) (quoting Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997)) (second alteration in original).

### B. 42 U.S.C. § 1985(3)

[I]n order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to [sic.] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) (citation omitted). Oras' claim fails

5

because he has not established membership in a protected class, as required by the second factor.

### C. Supplemental jurisdiction

"We review the District Court's refusal to exercise supplemental jurisdiction for abuse of discretion." Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999). A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)). The District Court did not abuse its discretion in refusing to exercise supplemental jurisdiction. We acknowledge Oras' argument that the District Court did not refer to these factors in its decision. However, "'where we can readily determine that the District Court dismissed a claimant's remaining claims based on a consideration enumerated in section 1367(c), it is not reversible error for the court to not state its reasons for doing so.'" Id. (quoting Figueroa, 188 F.3d at 181).

For the reasons set forth above, we will **AFFIRM** the judgment of the District Court.

6